

FILED
JAN 04 2023
RICHARD W. NAGEL, Clerk of Court
COLUMBUS, OHIO

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION
### COLUMBUS, OHIO

MICHAEL W. BRADLEY
57 S. Walnut ST; Fl. 2
Akron, Ohio 44303

    Plaintiff,

vs

OHIO ETHICS COMMISSION
William Green Building
30 West Spring Street, L3
Columbus, Ohio 43215-2256

PAUL M. NICK
Executive Director
Ohio Ethics Commission
William Green Building
30 West Spring Street, L3
Columbus, Ohio 43215-2256

MEROM BRACHMAN
Chairman
Ohio Ethics Commission
William Green Building
30 West Spring Street, L3
Columbus, Ohio 43215-2256

MOLLY J. BRUNS
Ohio Ethics Commission
William Green Building
30 West Spring Street, L3
Columbus, Ohio 43215-2256

CASE NO. 2:23 CV 0024

JUDGE JUDGE MARBLEY

MAGISTRATE JUDGE JOLSON

COMPLAINT FOR JUDGMENT AND
DECLARATORY RELIEF UNDER
42 U.S.C. § 1983 AND DAMAGES
UNDER 42 U.S.C. § 1988

LORI M. TYACK
Clerk of Courts
Franklin County Municipal Court
375 South High Street
6th Floor
Columbus, Ohio 43215

DEPUTY CLERK #889
Franklin County Municipal Court
375 South High Street
6th Floor
Columbus, Ohio 43215

DEPUTY CLERK #8098
Franklin County Municipal Court
375 South High Street
6th Floor
Columbus, Ohio 43215

ZACH KLEIN
Columbus City Attorney
77 North Front Street
Columbus, Ohio 43215

CHARLES L. NORMAN
Ohio Registrar of Motor Vehicles
1970 West Broad Street
Columbus, Ohio 43223

HON. JON HUSTED *
Vern Riffe Center
77 South High Street, 30th Floor
Columbus, Ohio 43215-6117
(In his capacity as former
Ohio Secretary of State)
*Defendant Hon. Jon
Husted may elect to chose
to be a third-party plaintiff.
Plaintiff herein will amend
or stipulate to thereof as
needed.

       Defendants.

NOW COMES, Plaintiff herein Michael W. Bradley, and for his complaint against the Defendants, alleges and states as follows:

## PREAMBLE

Plaintiff had the honor and privilege to be a write-in candidate for Ohio Secretary of State in 2018. This was undertaken *to bring issues not being addressed by mainstream candidates* and for non-partisan independent voters to have a greater voice. He fulfilled his obligations required by the Ohio Secretary of State and Campaign Finance, remaining a *private citizen* with no obligation to appease legislative bureaucrats.

### Jurisdiction and Venue

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343 (a) (3), and 42 U.S.C. § 1983 and 42 U.S.C. § 1988 as applicable.

2. Plaintiff also invokes the supplemental jurisdiction of this court concerning plaintiff's State claims against Defendants for common law violations pursuant to 28 U.S.C. § 1367 as the common law claims form part of the same case or controversy.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the wrongful acts or omissions on which the claims are based and the damages resulting therefrom occurred in Franklin County, Ohio.

4. This Court has authority to grant declaratory and other relief under 28 U.S.C. § 2201 and 2202.

### Parties

5. Plaintiff is an *individual private citizen,* resident of Akron, Summit County, Ohio. There is no Federal diversity question known to exist among the parties.

6. Ohio Ethics Commission (hereinafter designated as "OEC") is an organizational Defendant being a body created by the Ohio Legislature in 1974 as a result of the "Nixonian" era political scandals. A public entity exercising its authority in this county. It might otherwise be termed the "morality police" for statewide politics. On its own website it states (quote): *"Promotes . . . ethical standards **for public officials.**"* (unquote).

7. Defendants Paul M. Nick, Merome Brachman, Molly J. Bruns, are individuals either employed by or officers or members of the OEC.

8. Defendants Lori M. Tyack, elected Clerk of Court and Deputy Clerks #8098 and #839, are employees of the Franklin County Municipal Court. (Their exact names and titles subject to Discovery).

9. Defendant Zach Klein, an individual, elected city (prosecuting) attorney for the City of Columbus, Ohio. Who has direct supervision over the conduct of his employees.

10. Defendant Charles L. Norman, an individual, is registrar and Director of the Ohio Department of Motor Vehicles. Who has direct supervision over the conduct of his employees.

11. Defendant (putative third-party plaintiff), Hon. Jon Husted, an individual, was the formerly duly elected and served as Ohio Secretary of State and suit is brought in that capacity. And who had direct supervision over the conduct of his employees. Presently serving in elective office at Columbus, Ohio.

### Events

12. Plaintiff sought to file as a write-in candidate for Ohio Secretary of State on August 23, 2018. In addition to the Preamble, he sought to file due to a disagreement with the local Board of Elections.

13. On Sunday, September 25, 2018, plaintiff receives an email from OEC @12:19PM. (EXHIBIT A). Having previously been a candidate for various offices years earlier, it was the first that he had heard of any such condition imposed upon a candidate.

14. On September 28, 2018, a letter received from OEC containing substantially the same request. (EXHIBIT B).

15. For reasons that form the substantial basis of this herein complaint, plaintiff declined to submit to the requests of the OEC.

16. Nonetheless, plaintiff substantially complied with a request for financial income by submitting an affidavit to that request.

17. On November 2, 2018, the affidavit was refused and rejected. (EXHIBIT C). A long series of letters were exchanged.

18. Letter received from OEC dated February 6, 2019, threatening "30 days in jail". (EXHIBIT D) 2 pages.

19. Collection letter received from Ohio Attorney General on May 6, 2019. (EXHIBIT E). 3 pages.

20. Complaint filed by the OEC on July 5, 2019, *ordering and scheduling* a hearing set for August 12, 2019. (EXHIBIT F). 3 pages.

21. **On August 12, 2019**, (dated August 8, 2019) a letter received stating that the hearing set for **August 12, 2019**, "had been continued". (EXHIBIT G).

22. August 19, 2019, exhausted by relentless and fruitless exchanges with the OEC, plaintiff sought to file a pre-emptive action in the US District Court, Northern District of Ohio, Eastern Division (5:19CV1815). Filed incorrectly, was withdrawn and dismissed *without prejudice* under FRCP 41(a)(l)(i) on September 18, 2019

23. Letter received from "Celco Collection Agency" on November 14, 2019, after several harassing telephone collection calls. (EXHIBIT H). Disputed under FDCPA.

24. March 12, 2020, Molly J. Bruns files an affidavit for "Failure To File" a criminal violation of O.R.C. 102.02 (C) . Classed as an M4 misdemeanor. Upon information and belief.

25. "NOTICE TO APPEAR", received from FCMC received on April 27, 2020, issued by FCMCC #889. (EXHIBIT J).

26. "DEMURRER TO COMPLAINT" made upon Columbus City Attorney Rich Klein on June 5, 2019 by plaintiff. (EXHIBIT K). 2 pages.

27. Second "NOTICE TO APPEAR" from FCMC received on June 10, 2020 from FCMCC #8098. (EXHIBIT L).

28. Notice received on September 4, 2020, from Ohio BMV (Charles L. Norman Registrar) stating: "NOTICE OF DRIVER'S LICENSE AND REGISTRATION BLOCK". Assessment of fees. (EXHIBIT M). 2 pages.

29. On December 1, 2020 @ 9:50AM, Hon. Judge Mark A. Burrows telephoned plaintiff to conduct a so-called "telephone conference hearing" in regard to FCMCC No. 2020 CRB 004556, some three months after the filing of the initial affidavit by Molly J. Bruns, asking him *if* he wished to (quote): "Plead guilty or not guilty. Do you want an attorney? [Reply: "An attorney wouldn't know where to begin".] Do you want a jury trial?" (unquote). When asked how a *positive identification* could be made when there was no witness who could make such identification, he replied: (quote) "Somehow". (unquote). He had apparently not read the complete filings. He was then asked to dismiss: "Sua sponte". To which he demurred. He ruled that the file be returned to the record and admonished the (defendant)-plaintiff herein, that: (quote) "An interaction with police could subject you to arrest". (unquote).* (EXHIBIT N)

30. Collection letter received from "Revenue Group" collection agency received on November 13,

---

* Hon. Judge Burrows, clothed with absolute immunity, is not a party to this action.

2021. (EXHIBIT O). 3 pages

### Allegations, Argument and Law

31. Defendant Jon Husted, having supervision of the conduct and control of his employees and staff, no staff employee had ever given plaintiff notice of his requirement to register, file and pay a fee to the OEC, and should have informed plaintiff of the consequences of his failure to comply prior to his making application for candidacy.

32. The Plaintiff thereby tendered the requisite filing fee and he signed all necessary papers to perfect his candidacy. CONSIDERATION was given by the Ohio Secretary of State, by permitting plaintiff to be a candidate for office.

33. The Ohio Secretary of State has a provision or policy for any candidate to file a "poverty affidavit" without the need to pay the filing fee.

34. As noted in Exhibit B, in this herein instant complaint, the Office of Ohio Secretary of State **did** notify the OEC of plaintiff's candidacy, while neglecting to inform plaintiff of OEC's requirements.

35. Defendant OEC's requirement of registration, filing financial information and payment of : a fee, tax, levy or assessment is wholly *without* CONSIDERATION of any kind. It is a mandatory fiat of the Ohio legislature.

36. If indeed, the legislature wished to impose a fee upon a candidate for office, it has only to raise the filing fee universally.

37. Indeed, Defendant OEC, **does not** impose a fee on **all** candidates or appointees to public office, **but rather**, *selected* classes or groups of candidates. (EXHIBIT P).

38. Rewriting the preceding paragraph as if fully re-written here, plaintiff alleges that such selective enforcement is both discriminatory and contrary to the U.S. and Ohio Constitution and the equal protection of the law and privileges under Federal and State law.

7

39. No "candidate" for public office: 1) receives **any** public compensation or consideration. 2) Has not undertaken an oath of office. 3) Has no position of 'public trust' nor certain expectation of achieving a position of public trust. THEREFORE, there can be no nexus of a violation of breach of public trust when no such trust exists. It is a legislative fiction.

40. If ever there *were* a need for ethics in public officials, it ought to be required for all corrections and law enforcement personnel.

41. Defendant OEC's requirement of registration, submission of personal financial information is nothing more than a legislative scheme to have unsuccessful candidates maintain and fund a an unconstitutional, redundant bureaucracy. A "poll tax" on candidates.

42. Plaintiff alleges that the OEC requirements are an intrusion on the rights of those who desire to seek public office to be free in their homes, personal affairs and effects, their right to privacy contrary to the IVth Amendment of the U.S. Constitution. Ohio Constitution Art. I, 1, 6, 10, 11. Art. II 20.

43. The putative candidate is 'presumed' to be guilty of an unspecified ethical lapse in pre-judgment of a potential for criminal offense without even a scintilla of an allegation of corruption. He must "prove" his innocence before a panel of uncaring, unfeeling, indifferent strangers commanding them to travel as much as one-hundred and fifty miles distant to grovel before them: self-interested, self-perpetuating bureaucrats sitting in judgment.

44. Plaintiff alleges constitutional vagueness of the legislative authority for the OEC. In a recent Federal case. *Drews Farm Partnership vs City of Toledo, U.S. District Court, Northern District of Ohio, Western Division, Case No. 3:19CV 434:*

Due Process

"An essential element of due process is clarity of the laws. *Roberts v US Jaycees, 468 US 609, 629 (1984).* If a law is so vague that "persons of common intelligence must necessarily guess at its

meaning, *it is unconstitutional.* (Italics mine). "*Heightened scrutiny applies to laws that impose criminal penalties, burden the exercise of constitutional rights,* (Italics mine), or apply a strict liability standard. *Vill. Of Hoffman Estates v Flipside, Hoffman Estates, 455 U.S. 489, 498-99 (1982).* Vague laws are unconstitutional for at least two reasons, they "may trap the innocent by not providing fair warning," and they invite arbitrary enforcement by prosecutors, judges and juries. *Grayned v City of Rockford, 408 U.S. 104, 108-109 (1972).* . . . Federal courts have invalidated municipal legislation on vagueness grounds . . . due to the failure to include a definition of reasonable. . . . ."

45. This is more than trifling vague how a non-office holder can be subject to the same conditions as someone who holds public office under this legislation, treated by the same standard as if they already held office.

46. In particular, a "write-in" candidate for office under Ohio law currently, would not ordinarily be likely to prevail over any candidate whose name is printed on the official ballot.

47. Defendant Paul M. Nicks, as executive director of the OEC, supervises all employees and subordinates at the OEC. Implements the policies, regulations and procedures established by the OEC board directly. He directly participated in the actions undertaken by the staff at the ORC directed upon the plaintiff, and/or consented to and/or ordered the actions of Molly J. Bruns to undertake upon the plaintiff herein.

48. Defendant Merom Brachman, as Chair person of the OEC, would be responsible for the implementation of OEC policies and regulations, recommending personnel for board approval and overall administration through the board at OEC, consenting to and approving the actions of all his subordinates against the plaintiff as well as undertaking personal action on the plaintiff.

49. Defendant Molly J. Bruns, not a member of law enforcement, upon information and belief, as a private citizen, undertook the main actions directed against the plaintiff. Plaintiff, in filing or running for public office, in all of his voluminous correspondence with the OEC. *Never* used the name:

9

"MICHAEL BRADLEY". At no point did plaintiff ever speak with Molly J. Bruns. At no time did plaintiff ever have distributed an image of himself in any campaign material or media. So therefore, Molly J. Bruns had never personally seen plaintiff at any time.

50. Upon information and belief, lacking probable cause, Molly J. Bruns, did file an affidavit with the Franklin County Municipal Court, (hereinafter FCMC), charging plaintiff with "Failure to File with the OEC, as stated herein previously at paragraph 24, of the complaint with intent to injure plaintiff without due process of law.

51. Defendant Lori M. Tyack, having supervisory and governing control over all of her subordinate deputies and employees conduct and acts, one or more members of her staff, acting in bad faith, accepted the affidavit of a private citizen, not a police officer, at face value as presented to them, without a full determination of all the facts, upon information and belief, and then did process forward the criminal complaint, assessing costs and fees, and issuing improper service without due process of law.

52. Defendant FCMCC #889, rewriting here and including paragraph 51 above as if fully rewritten here, did directly issue improper service by a "Notice To Appear" as defendant in FCMC (124.2 miles distant), as also stated in paragraph 25 and Exhibit J of the herein complaint, and *ordered to,* upon information and belief, answer to an "affidavit", without the complaining witness being present in court for plaintiff to personally confront without self-incriminating himself, without due process of law.

53. Defendant Zach Klein, having supervisory and governing control over all of his deputies and employees conduct, actions and omissions, and particularly ensuring that his subordinates adhere to and obey all laws of the state of Ohio.

54. Upon information and belief, subject to discovery and without any information to the contrary,

plaintiff alleges that he or his staff thereby **failed to conduct** a proper review of the affidavit made by Molly J. Bruns, a private citizen, in accord with the specific provision of **O.R.C. 2935.09**, which being a criminal complaint, must be strictly construed and conformed to all without due process of law.

55. Reaffirming all of the allegations contained herein for this complaint, plaintiff states that all the Defendants herein and/or their subordinates, and those that followed them, whether deliberately knowingly or carelessly, ignored, denied and abridged his inalienable rights by their actions or omissions to the detrimental harm of the plaintiff without due process of law.

56. In addition to the obvious outstanding defects of the Criminal affidavit as alleged, there arise further questions of law and fact here that have not at any time been completely addressed or litigated by a court of law: 1) Constitutionality 2) Venue 3) Service of process 4) Forum Non Conviens 5) Compliance with Criminal rules and statutes 6) Plaintiff's application for consideration for disability under the Ohio Supreme Court's Rules of Practice due to visual and mobility issues.

57. Given the totality of circumstances with these issues, there was in reality then only one legal remedy available for the plaintiff to chose: filing a DEMURRER. Cited as "abolished", nonetheless it would remain applicable under common law and reserved under the Ninth and Tenth Amendments to the US Constitution. Remnants of the procedure still exist in Ohio law, namely at O.R.C. 2941.37 (B) and 2701.02. Plaintiff's APPEARANCE to answer for the complaint was supported by Ohio case law at:

> **Scott v. Davis**
> 173 Ohio St. 252, 181 N.E. 2D (470) (1962)
> ". . . then by the Ohio Supreme Court
> which held that the filing of a demurrer . . .
> constitutes a general appearance . . ."

11

58. Rewriting paragraph 53 as if fully rewritten here, nonetheless, Defendant Rich Klein and his subordinates thereby, acting beyond the scope of their duties and in bad faith, *refused* to reply to or respond to plaintiff's demurrer according to law, custom and usage nor accept that he had made an appearance in a court of law without due process of law.

59. Defendant FCMCC #8098, rewriting paragraphs 51 and thereby 52 of the complaint as if fully rewritten here, did directly **re-issue** improper service by a "Notice To Appear" as a defendant in FCMC, as also stated in paragraph 27 Exhibit L of the complaint herein and ***ordered to***, upon information and belief, answer to an "affidavit", without the complaining witness being present in court for plaintiff to personally confront without self-incriminating himself.

60. **"Defendant Michael Bradley"** [a name never officially used] **was NOW UNDER A WARRANT OF ARREST by the State of Ohio and as such his social security identification number was entered into the computerized wanted Criminal LEADS system.**

61. Defendant Charles L. Norman, as Registrar of the Ohio Bureau of Motor Vehicles, supervising and exercising control over and having responsibility for the actions and omissions of his subordinates **issued** a "Block" of plaintiff's registration as further and more fully described in paragraph 28 and Exhibit M of the herein complaint.

62. Referencing here **again**, the telephone hearing with Hon. Judge Mark Burrows as stated above in the herein complaint at paragraph 29 and Exhibit M thereof.

### Summation

63. The actions or omissions of all Defendants herein were undertaken under color of law.

64. All Defendants are sued in their official and individual capacities.

65. All Defendants knew or should have known that their actions or omissions would cause injury to the plaintiff.

66. This is a civil action taken under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and the Civil Rights Act of 1871, U.S.C. § 1983 and 1988 and as applicable by U.S.C. § 1343 and Common Law.

67. If relief not be granted as prayed for, plaintiff will be subject to continual conflicts with Defendants and their successors, each and every time he may choose in the future to seek to be a unsuccessful candidate for public office.

68. Given that the organizational and individual Defendants actions or omissions violated a clearly defined constitutional right, they **are not** entitled to qualified immunity and may be held liable in their personal capacity:

> "Government officials performing discretionary functions are entitled to qualified immunity when their conduct **does not** (Italics mine) violate clearly established statutory or constitutional rights of which a reasonable person would have known".
> *Harlow v. Fitzgerald, 457 U.S. 800, 818; 102 S. Ct. 2727 (1982)*

### Count One

**69.** For plaintiff's complaint herein, re-alleging and rewriting paragraphs one through 68 herein, plaintiff alleges Defendants willfully inflicted intentional harm to plaintiff's character and reputation.

### Count Two

70. For plaintiff's complaint herein, re-alleging and rewriting paragraphs one through 69 herein, plaintiff alleges that at **no time have any Defendants notified** plaintiff of any mootness, rescission, cancellation or vacation in any of the actions undertaken against him, including outstanding penalties, fines or assessments, and is still under the operational belief that a **warrant of arrest** may still lie against him, Defendants, if so, having failed under a duty to notify him of any change in his status.

## Count Three

71. For plaintiff's complaint herein reaffirming and re-alleging paragraphs 1 through 70, plaintiff alleges that Defendants have engaged in undue harassment, abuse of process and malicious prosecution.

## Prayer For Relief

**Declaratory Judgment No. 1**.: That a "candidate" for public office in Ohio, who is not appointed to or serves in a public office nor has ever taken an oath of office; **DOES NOT** fall under the purview of the Ohio Ethics Commission.

**Declaratory Judgment No. 2**.: That plaintiff herein was **NEVER** required to register with, file personal financial information with, nor pay a fee thereby to the Ohio Ethics Commission ab initio nunc pro tunc.

**Declaratory Judgment No. 3**: That the Ohio legislature cannot enforce laws which circumvent or deprive its citizens of their Constitutional or Federal statutory rights.

**Declaratory Judgment No. 4**.: That a defendant clearly asserting their Constitutional or lawful rights *does not* have the **mens rea** to be charged with a criminal offense.

**Declaratory Judgment No. 5**.: That the OEC having never had original jurisdiction over the plaintiff in the first instance, the FCMC *could not have had* **venue** to issue a criminal summons against the plaintiff.

**Declaratory Judgment No. 6**: That the affidavit as filed by Molly J. Bruns, based upon false beliefs, defective on-its-face and lacking in sufficient probable cause to charge the plaintiff with a criminal offense thus depriving him of due process of law.

**Declaratory Judgment No. 7**: That the FCMC Clerk and her deputies subsequently acting upon the affidavit as filed by Molly J. Bruns, based upon their false beliefs, deprived plaintiff of due process of law.

**Declaratory Judgment No. 8**: That "Defendant Michael Bradley" summoned to defend himself in FCMC, was not able to confront a witness against him without self-incrimination, depriving plaintiff of due process of law.

**Declaratory Judgment No. 9.**: That the Columbus City Attorney and his deputies failed to conform to the requirements of O.R.C. 2935.09, depriving plaintiff of due process of law.

**Declaratory Judgment No. 10.**: That given the totality of circumstances, a demurrer was a proper and lawful appearance by the *plainrtiff* to answer for the complaint lodged against him.

**Declaratory Judgment No. 11**: That the Columbus City Attorney and his deputies, failed to respond to the demurrer as established by custom, usage and law; based upon their false beliefs, which ***had*** they acted upon it, may have stayed or nullified further proceedings instantaneously, depriving plaintiff of due process of law.

**Declaratory Judgment No. 12.** That the Registrar of the Ohio BMV and his deputies, relying upon and acting upon the false beliefs and information provided by the preceding parties, subsequently, thus depriving plaintiff of due process of law.

### Damages

**Count One**. For compensatory and punitive damages under Count one of the complaint herein, an award of an amount in excess of $75,000 (seventy-five thousand dollars), pursuant to U.S. C. § 1332, upon organizational Defendant and each and every individually named Defendant herein.

**Count Two.** For compensatory and punitive damages under Count Two of the complaint herein, an award of an amount in excess of $75,000 (seventy-five thousand dollars), pursuant to U.S.C. § 1332, upon organizational Defendant and each and every individually named Defendant herein.

**Count Three.** For compensatory and punitive damages under Count Three of the complaint, an award of an amount in excess of $75,000 (seventy-five thousand dollars) pursuant to U.S.C. § 1332, upon organizational Defendant and each and every individually named Defendants.

**Fees and costs.** Attorney fees, if any, and costs of suit.

**For such** other and further relief as the Court may deem equitable, necessary and just.

**WHEREFORE,** the plaintiff demands judgment upon the defendants herein.

Respectfully submitted,

*Michael W. Bradley*
Michael W. Bradley
Plaintiff, pro se
57 S. Walnut ST; Fl. 2
Akron, Ohio 44303
(330) 217-6732
michaelwbradley@yahoo.com